UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-                                              CASE NO. 5:19-CR-0021 (GTS)

STEPHEN J. TAUBERT,
                             Defendant.

---

## DEFENDANT'S TRIAL MEMORANDUM

DATED:  March 4, 2019                    LISA A PEEBLES
        Syracuse, New York               Federal Public Defender

                        By:   *S/Courtenay K. McKeon, Esq.*
                              Assistant Federal Public Defender
                              Bar Roll No. 515841
                              Office of the Federal Public Defender
                              4 Clinton Square, 3rd Floor
                              Syracuse, New York   13202
                              (315) 701-0080

cc:   Michael D. Gadarian, AUSA (via ECF)
      Michael F. Perry, AUSA (via ECF)
      Stephen J. Taubert (via mail)

I. **STATEMENT OF THE CASE**

    A. Jury selection is scheduled to commence at the discretion of Chief United States District Court Judge Glenn T. Suddaby on March 18, 2019, in Syracuse, New York.

    B. Defendant Stephen J. Taubert has been detained since January 17, 2019. He is currently housed at Oneida County Jail.

    C. A jury trial has not been waived.

    D. The estimated duration of trial is approximately four days.

    E. The government is represented by Michael D. Gadarian, Assistant United States Attorney, and Michael F. Perry, Assistant United States Attorney.

    F. The defendant is represented by Courtenay K. McKeon, Assistant Federal Public Defender.

    G. The three-count indictment charges the defendant with (1) influencing, impeding, or retaliating against a federal official in violation of 18 U.S.C. § 115(a)(1)(B); (2) making a threat in interstate commerce in violation of 18 U.S.C. § 875(c); and (3) threatening a former President in violation of 18 U.S.C. § 879.

    H. The defendant contends that although he used racial epithets and strong language in telephone calls to elected officials, he never threatened anyone.

## II.     EVIDENTIARY ISSUES

**The Defense Objects to the Jury Seeing the Transcript Prepared by the Government of an August 9, 2018, Interview of Mr. Taubert by Law Enforcement.**

Two members of the Capitol Police and two Syracuse Police Department detectives questioned Mr. Taubert at his home on August 9, 2018. The interview was recorded. The government intends to play portions of the audio recording for the jury. The government has informed the defense that it intends to provide the jury with a transcript of the audio recording "as an aid to the jury when they listen to the audio recording at trial." The defense objects to the jury being provided with a transcript.

A district court may, in its discretion, provide a jury with transcripts of recorded conversations "for the purpose of aiding the jury in following along if certain precautions are taken to ensure accuracy." *United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001). Here, the transcript would mislead the jurors rather than aiding them. No transcript could accurately convey the reality of the recorded conversation. The interview of Mr. Taubert was chaotic. Frequently, two or more people spoke at once.  Throughout the recording, there is a buzz of activity and a telephone ringing in the background. Mr. Taubert frequently emphasized certain words and changed his tone of voice to convey meaning in a way that cannot be captured accurately in a written transcript.  If the jury is provided with a written transcript, it is highly likely that jurors will rely on their eyes rather than on their ears—even if cautioned otherwise by the Court.

Moreover, the defense objects to one specific portion of the transcript. On page three, line one, the government asserts that Mr. Taubert said "Okay then I threatened her, okay!" That

portion of the interview appears at approximately 1:24 of the recording. Mr. Taubert does not clearly say "Okay then I threatened her, okay!" Rather, he appears to say "When did I threaten her? Okay?" or "Okay, did I threaten her? Okay?" The transcript prepared by the government inaccurately characterizes a denial by the defendant (or, possibly, an unintelligible statement by the defendant) as an admission. Allowing the jury to see this transcript would be irreparably prejudicial to the defendant.

DATED:   March 4, 2019                       LISA A PEEBLES
          Syracuse, New York                 Federal Public Defender

                                      By:   *S/Courtenay K. McKeon, Esq.*
                                              Assistant Federal Public Defender
                                              Bar Roll No. 515841
                                              Office of the Federal Public Defender
                                              4 Clinton Square, 3rd Floor
                                              Syracuse, New York   13202
                                              (315) 701-0080