IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     5:19-cr-00021-GTS |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEPHEN J. TAUBERT** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S MOTION *IN LIMINE*

DATED:  March 5, 2019                    Respectfully submitted,

GRANT C. JAQUITH
UNITED STATES ATTORNEY

                                         */s/ Michael D. Gadarian*
BY:     */s/ Michael F. Perry*
                                         Michael D. Gadarian (Bar Roll No. 517198)
                                         Michael F. Perry (Bar Roll No. 518952)
                                         Assistant United States Attorneys

I.  **Government's Motion *in Limine* to Limit Defendant's Character Evidence Under Rule 404(a)(2) and, in the Alternative, to Permit the Government to Cross Examine Character Witnesses on Specific Instances of the Defendant's Conduct[1]**

On March 4, 2019, the defense disclosed a witness list including five witnesses that the defense might call "to provide evidence about pertinent traits of the defendant pursuant to Federal Rule of Evidence 402(a)(2)." The "pertinent traits" were not identified in the disclosure itself, but in follow-up correspondence defense counsel advised that the witnesses would testify about the defendant's character for non-violence. Because the defendant is charged with three Counts of making threatening statements, character evidence concerning the defendant's lack of violent character is not a pertinent trait. Indeed, intent to carry out a threat is not an element of the offenses with which the defendant is charged.

Federal Rule of Evidence 404(a)(2) provides in relevant part as follows: "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Federal Rule of Evidence 405(a) explains that "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Subsection (b) of Rule 405 provides that "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character trait may also be proved by relevant specific instances of the person's conduct." *See generally United States v. Nektalov*, No. S203CR.828PKL, 2004 WL 1637010 (S.D.N.Y. July 21, 2004) (describing general framework for

---

[1] This Court's deadline for motions *in limine* was March 4, 2019. The government was not aware until the defendant's trial filings (made in the afternoon of March 4, 2019) that the defense intended to offer character witnesses and thus had not prepared a motion *in limine* addressing that issue. The government respectfully requests leave to file this motion because a pre-trial ruling from this Court should facilitate the efficient progress of the trial.

introduction of appropriate character evidence and the government's rights to challenge that evidence).

Character is an essential element of a charge when the essential element of the crime requires proof of a character trait. *See Shakur v. United States*, 32 F. Supp. 2d 651, 668 (S.D.N.Y. 1999) (citing the Advisory Committee Notes to the 1972 Proposed Rules).  Because character is not an essential element of any of the charges in this case, the defendant may not offer evidence about specific instances of his conduct under Rule 405(b).  Instead, he may only offer testimony regarding a pertinent trait through reputation or opinion via Rule 405(a).  *United States v. Nachamie*, 28 F. App'x 13, 20 (2d Cir. 2001) (summary order) ("Evidence of specific instances of good conduct is admissible when character is an essential element of the charge, but not otherwise.") (citing Fed. R. Evid. 405(b)); *see also United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997) ("[I]f specific good deeds could be introduced to disprove knowledge or intention, which are elements of most crimes, the exception of would swallow the general rule of 405(a) that proof of specific acts is not allowed"); *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978).

Although the standard for admissibility of 404(a) is not high, the character trait must "relate to some element at issue in the case."  *United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000). When the proffered evidence has "no bearing on [a pertinent character trait] and . . . could well cause the jury to be influenced by sympathies that have no bearing on the merits of the case," the court may exclude the proffered evidence.  *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (upholding district court's refusal in fraud case to allow defendant to introduce evidence that he cared for his son with cerebral palsy and therefore would not commit fraud because a fraud conviction would cause him to leave his son); *see United States v. Leroy*, 16-cr-0243, 2017 WL

82498, at *1 (W.D. Pa. Jan. 10, 2017) ("[E]vidence of being a 'good guy' is inadmissible to prove character."); *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) ("[T]he district court acted well within its discretion when it excluded the evidence at issue here.  As the government persuasively argues, the commendations were not admissible under either Rule because appellant's 'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged.").  Accordingly, the defense should not be permitted to call character witnesses to opine on their view of the defendant's character for non-violence.

In the alternative, if the defendant is permitted to call character witnesses, the government should be permitted to cross examine those witnesses on specific instances of the defendant's conduct about which the government has a good faith basis to inquire.  Here, that would include asking the witnesses about their knowledge of any threats made by the defendant, including the defendant's threat directed toward the NAACP in 2013, his threat against former Syracuse Mayor Stephanie Minor in 2017, and his threat against Quicken Loans Arena and its patrons in 2017, among others.

> Once the defendant offers reputation or opinion evidence regarding his good character, the prosecution is permitted to ask the character witness on cross-examination about specific instances of the conduct of the accused.  Such cross-examination is permitted to evaluate the character witness's credibility and knowledge of the defendant, not to prove the defendant's guilt.  The government must have a good faith basis to believe that specific acts of misconduct about which it questions a character witness occurred.  Moreover, the government may not use the occasion of cross-examination of defendant's character witness to attempt to prove acts of misconduct with extrinsic evidence.
>
> A defendant's decision to call character witnesses is thus a tactical one, as direct examination about the defendant's character "opens

the door" to cross-examination about specific acts of the defendant.
For example, limited direct examination of character witnesses
about the defendant's reputation in the community and his
reputation for honesty opens the door to cross-examination about
specific acts of defendant if inquiry into such acts tends to show that
the character witness is not fully familiar with, or truthful about, the
defendant's reputation.   This "traditional   form   of   direct
examination," does not, however, open the door to inquiry on cross-
examination that assumes the defendant's guilt with respect to the
charged crime.   As the government acknowledges, it may not pose
hypothetical questions to a character witness that assume the
defendant's guilt.   For example, the government typically may not
ask questions such as, "If defendant is guilty of the charges in this
case, would that change your opinion of him?"   Such questions
"undermine the presumption of innocence" of defendant.

*Nektalov*, 2004 WL at \*2 (citing and quoting Fed. R. Evid. 405(a); *United States v. Russo*, 110

F.3d 948, 952-53 (2d Cir. 1997); *United States v. Birney*, 686 F.2d 102, 108 (2d Cir. 1982);

*Michelson v. United States*, 335 U.S. 469, 481 n. 18 (1948); Fed. R. Evid. 608; *Benedetto*, 571

F.2d at 1250; *United States v. Damblu*, 134 F.3d 490, 494 (2d Cir. 1998); *See United States v.

Oshatz*, 912 F.2d 534, 539 (2d Cir. 1990)).

## II.      Conclusion

Therefore, the government respectfully requests that this Court prohibit the defendant from

calling character witnesses to testify as to the defendant's character for non-violence and that, in

the alternative, the government be permitted to inquire on cross examination into specific instances

of the defendant's conduct that bear on the character witnesses' credibility.