IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:19-cr-00021-GTS |
| | ) | |
| v. | ) | |
| | ) | |
| **STEPHEN J. TAUBERT** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

In the course of continuing to prepare for trial, the government has come to believe that some of its proposed jury instructions should be amended in certain respects to make them easier for the jury to understand and to reflect anticipated stipulations.

The government therefore requests that this Court provide the jury with the following amended instructions, in lieu of those originally proposed.[1]  In this filing, the government has used ~~double strikethroughs~~ for language the government recommends striking, and **bold underline** for language the government recommends adding.  The footnotes accompanying each amended instruction contain the government's rationale for the proposed changes.

DATED:  March 8, 2019

Respectfully submitted,

GRANT C. JAQUITH
UNITED STATES ATTORNEY

BY:   */s/ Michael D. Gadarian*
       */s/ Michael F. Perry*
       Michael D. Gadarian (Bar Roll No. 517198)
       Michael F. Perry (Bar Roll No. 518952)
       Assistant United States Attorneys

---

[1] Instructions to which the government does not seek amendment are not provided herein, though the government still requests that all of its other proposed instructions be given.

# GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #10:
# COUNT 1: FIRST ELEMENT—THREAT TO ASSAULT, KIDNAP, OR MURDER

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT THREATENED TO ASSAULT, KIDNAP, OR MURDER CONGRESSWOMAN WATERS.

A THREAT IS A SERIOUS STATEMENT EXPRESSING AN INTENTION TO INFLICT BODILY INJURY (OR MURDER OR KIDNAP) AT ONCE OR IN THE FUTURE, AS DISTINGUISHED FROM IDLE OR CARELESS TALK, EXAGGERATION, OR SOMETHING SAID IN A JOKING MANNER.  FOR A STATEMENT TO BE A THREAT, THE STATEMENT MUST HAVE BEEN MADE UNDER SUCH CIRCUMSTANCES THAT A REASONABLE PERSON WHO HEARD OR READ THE STATEMENT WOULD UNDERSTAND IT AS A SERIOUS EXPRESSION OF AN INTENT TO INFLICT BODILY INJURY.  IN ADDITION, THE DEFENDANT MUST HAVE MADE THE STATEMENT INTENDING IT TO BE A THREAT, OR WITH THE KNOWLEDGE THAT THE STATEMENT WILL BE VIEWED AS A THREAT.

TO DETERMINE WHETHER OR NOT THE DEFENDANT THREATENED CONGRESSWOMAN WATERS, YOU SHOULD CONSIDER THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS MADE, INCLUDING ITS CONTEXT WITH RESPECT TO SURROUNDING CONVERSATION, THE LANGUAGE THE DEFENDANT USED, AND THE REACTION OF THOSE WHO HEARD OR READ THE STATEMENT.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT INTENDED TO CARRY OUT THE THREAT OR THAT HE HAD THE

PRESENT ABILITY TO CARRY OUT THE THREAT. ~~A THREAT MAY BE CONDITIONAL UPON THE DEFENDANT'S ABILITY TO CARRY IT OUT.~~

---

Modern Federal Jury Instructions-Criminal § 14.02: Instruction 14-14 (modified). The language that the government proposes to strike is potentially confusing and is not necessary to accurately state the law. The point of the sentence the government recommends striking, apparently, is to underscore the sentence that precedes it (*i.e.*, that "[i]t is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat."). The government believes that the instruction is clearer without the final sentence, particularly because the jury is not going to be instructed on what it means for a threat to be "conditional" on the defendant's ability to carry it out; nor is the government's proof going to concern a "conditional" threat.

**GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #11:
COUNT 1: SECOND ELEMENT–VICTIM WAS A FEDERAL OFFICIAL**

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT AT THE TIME OF THE ALLEGED THREAT, CONGRESSWOMAN WATERS WAS A FEDERAL OFFICIAL.

I INSTRUCT YOU THAT A FEDERAL OFFICIAL INCLUDES A MEMBER OF CONGRESS.  HOWEVER, IT IS FOR YOU TO DETERMINE IF CONGRESSWOMAN WATERS HELD THAT TITLE AT THE TIME IN QUESTION.  **<u>HERE, THE PARTIES HAVE STIPULATED THAT CONGRESSWOMAN WATERS WAS A FEDERAL OFFICIAL AT THE TIME IN QUESTION.</u>**

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT KNEW THAT CONGRESSWOMAN WATERS WAS A FEDERAL OFFICIAL. THE CRIME OF THREATENING A FEDERAL OFFICIAL IS DESIGNED TO PROTECT FEDERAL OFFICIALS ACTING IN PURSUIT OF THEIR OFFICIAL FUNCTIONS, AND THEREFORE, IT IS SUFFICIENT TO SATISFY THIS ELEMENT FOR THE GOVERNMENT TO PROVE THAT THE VICTIM WAS A FEDERAL OFFICIAL AT THE TIME OF THE ALLEGED THREAT. WHETHER THE DEFENDANT KNEW THAT THE VICTIM WAS A FEDERAL OFFICIAL AT THE TIME IS IRRELEVANT TO SUCH A DETERMINATION, AND SHOULD NOT BE CONSIDERED BY YOU.

---

Modern Federal Jury Instructions-Criminal § 14.02: Instruction 14-15 (modified).  Based on communications with defense counsel, the government believes that the defendant plans to stipulate that Congresswoman Waters was a federal official at the relevant time.

**GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #15:**
**COUNT 2: FIRST ELEMENT–THREAT**

THE FIRST ELEMENT THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT IS THAT THE WORDS COMMUNICATED BY THE DEFENDANT WERE, IN FACT, A THREAT, AS I WILL DEFINE THAT TERM FOR YOU.

A THREAT IS A SERIOUS STATEMENT EXPRESSING AN INTENTION TO INFLICT BODILY INJURY (OR KILL OR KIDNAP) AT ONCE OR IN THE FUTURE, AS DISTINGUISHED FROM IDLE OR CARELESS TALK, EXAGGERATION, OR SOMETHING SAID IN A JOKING MANNER. FOR A STATEMENT TO BE A THREAT, THE STATEMENT MUST HAVE BEEN MADE UNDER SUCH CIRCUMSTANCES THAT A REASONABLE PERSON WHO HEARD OR READ THE STATEMENT WOULD UNDERSTAND IT AS A SERIOUS EXPRESSION OF AN INTENT TO INFLICT BODILY INJURY (OR MURDER OR KIDNAP). IN ADDITION, THE DEFENDANT MUST HAVE MADE THE STATEMENT INTENDING IT TO BE A THREAT, OR WITH THE KNOWLEDGE THAT THE STATEMENT WOULD BE VIEWED AS A THREAT.

TO DETERMINE WHETHER OR NOT THE DEFENDANT MADE A THREAT, YOU SHOULD CONSIDER THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS MADE, INCLUDING ITS CONTEXT WITH RESPECT TO SURROUNDING CONVERSATION, THE LANGUAGE THE DEFENDANT USED, AND THE REACTION OF THOSE WHO HEARD OR READ THE STATEMENT.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT INTENDED TO CARRY OUT THE THREAT OR THAT HE HAD THE

PRESENT ABILITY TO CARRY OUT THE THREAT. ~~A THREAT MAY BE CONDITIONAL UPON THE DEFENDANT'S ABILITY TO CARRY IT OUT IN THE FUTURE~~. THE DEFENDANT'S STATEMENT MAY BE A THREAT EVEN IF IT WAS NEVER COMMUNICATED, NOR INTENDED TO BE COMMUNICATED, TO THE TARGET OF THE THREAT.

---

Modern Federal Jury Instructions-Criminal § 31.02-Instruction 31-8 (modified). For the reasons set forth above in connection with proposed amended instruction #10, the government believes that the "conditional" language is not necessary to accurately state the law and that it is potentially confusing.

**GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #19:
COUNT 3: ELEMENTS OF THE OFFENSE**

IN ORDER TO PROVE THE DEFENDANT GUILTY OF MAKING A THREAT AGAINST A FORMER PRESIDENT, THE GOVERNMENT MUST ESTABLISH THE FOLLOWING THREE ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE DEFENDANT **<u>VERBALLY THREATENED TO KILL, TO KIDNAP, OR TO INFLICT BODILY HARM UPON A FORMER PRESIDENT OF THE UNITED STATES, AS ALLEGED IN THE INDICTMENT</u>** ~~SAID THE WORDS ALLEGED IN THE INDICTMENT TO BE A THREAT TO KILL, TO KIDNAP, OR TO INFLICT BODILY HARM UPON A FORMER PRESIDENT OF THE UNITED STATES~~;

SECOND, THAT THE WORDS WERE IN FACT A THREAT; AND

THIRD, THAT THE DEFENDANT MADE THE THREAT KNOWINGLY AND WILLFULLY.

---

Modern Federal Jury Instructions-Criminal § 31.01-Instruction 31-2 (modified).  (Instruction applies to offenses under both 18 U.S.C. § 871 and 18 U.S.C. § 879.)  The language of the Model Instruction assumes the indictment specified the language of the threat, which is not the case here.

## GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #20:
## COUNT 3: FIRST ELEMENT – MAILING OR OTHER COMMUNICATION

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT **VERBALLY THREATENED TO KILL, TO KIDNAP, OR TO INFLICT BODILY HARM UPON A FORMER PRESIDENT OF THE UNITED STATES, AS ALLEGED IN THE INDICTMENT** ~~SAID THE WORDS ALLEGED IN THE INDICTMENT TO BE~~ **A** ~~THREAT TO KILL, TO KIDNAP, OR TO INFLICT BODILY HARM UPON A FORMER PRESIDENT OF THE UNITED STATES~~. **THE PARTIES HAVE STIPULATED THAT BARACK OBAMA WAS A FORMER PRESIDENT OF THE UNITED STATES AT THE TIME THE GOVERNMENT ALLEGES THE DEFENDANT VERBALLY THREATENED TO KILL, TO KIDNAP, OR TO INFLICT BODILY HARM UPON A FORMER PRESIDENT.**

---

Modern Federal Jury Instructions-Criminal § 31.01-Instruction 31-3 (modified). For the reasons set forth above in connection with proposed amended instruction #9, and to reflect an anticipated stipulation from the defendant that Barack Obama is a former president of the United States, the government believes this instruction should be changed.

## GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTION #21:
## COUNT 3: SECOND ELEMENT – THREAT

THE SECOND ELEMENT THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT IS THAT THE WORDS COMMUNICATED BY THE DEFENDANT WERE IN FACT A THREAT, AS I WILL DEFINE THAT TERM FOR YOU.

A THREAT IS A SERIOUS STATEMENT EXPRESSING AN INTENTION TO INFLICT BODILY INJURY (OR KILL) AT ONCE OR IN THE FUTURE, AS DISTINGUISHED FROM IDLE OR CARELESS TALK, EXAGGERATION, OR SOMETHING SAID IN A JOKING MANNER. FOR A STATEMENT TO BE A THREAT, THE STATEMENT MUST HAVE BEEN MADE UNDER SUCH CIRCUMSTANCES THAT A REASONABLE PERSON WHO HEARD OR READ THE STATEMENT WOULD UNDERSTAND IT AS A SERIOUS EXPRESSION OF AN INTENT TO INFLICT BODILY INJURY (OR MURDER). IN ADDITION, THE DEFENDANT MUST HAVE MADE THE STATEMENT INTENDING IT TO BE A THREAT, OR WITH THE KNOWLEDGE THAT THE STATEMENT WOULD BE VIEWED AS A THREAT.

TO DETERMINE WHETHER OR NOT THE DEFENDANT "THREATENED" A FORMER PRESIDENT, YOU SHOULD CONSIDER THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS MADE, INCLUDING ITS CONTEXT WITH RESPECT TO SURROUNDING CONVERSATION, THE LANGUAGE THE DEFENDANT USED, AND THE REACTION OF THOSE WHO HEARD OR READ THE STATEMENT. YOU MAY ALSO CONSIDER THE DEFENDANT'S POLITICAL LOYALTIES, BUT I REMIND YOU THAT EVEN THE CRUDEST, MOST OFFENSIVE METHODS OF STATING POLITICAL

OPPOSITION TO THE PRESIDENT ARE NOT THREATS AS I HAVE DEFINED THAT TERM FOR YOU.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT INTENDED TO CARRY OUT THE THREAT OR THAT HE HAD THE PRESENT ABILITY TO CARRY OUT THE THREAT. ~~A THREAT MAY BE CONDITIONAL UPON THE DEFENDANT'S ABILITY TO CARRY IT OUT IN THE FUTURE.~~ THE DEFENDANT'S STATEMENT MAY BE A THREAT EVEN IF IT WAS NEVER COMMUNICATED, NOR INTENDED TO BE COMMUNICATED, TO THE FORMER PRESIDENT.

---

Modern Federal Jury Instructions-Criminal § 31.01-Instruction 31-4 (modified).  For the reasons set forth above in connection with proposed amended instruction #10, the government believes that the "conditional" language is not necessary to accurately state the law and that it is potentially confusing.