


United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

March 27, 2019

*Via CM/ECF*

Hon. Glenn T. Suddaby
Chief U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, New York 13261-7367

  Re: *United States v. Taubert*
     5:19-cr-0021-GTS

Dear Judge Suddaby:

  The government hereby opposes the defendant's request (dkt. 58) that he be released pending sentencing due to the purported "exceptional" circumstances from "grave medical danger" caused by the defendant's "refus[al] to take his medications[.]"  The defendant's conduct is a ploy to force this Court to release him under a threat of self-harm, made patent by the defendant's apparent willingness to "submit to the care of the VA Hospital in Syracuse" if he is released.[1]

  This Court is permitted under 18 U.S.C. § 3145(c) to release a defendant pending sentencing "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  *See also United States v. Sabhnani*, 529 F. Supp. 2d 377, 382 (E.D.N.Y. 2007) (medical condition can be an exceptional reason).  Here, however, the asserted "exceptional reason" why detention would not be appropriate is created by the defendant's refusal to accept treatment because he wants to force the Court to release him.  The defendant has apparently been successfully treated at his current facility since he was detained on January 17, 2019, and there is no evidence that the facility is unable to provide adequate care to the defendant if he complies with his medication regimen.

---

[1] The defense reports that the United States Marshals Service is requesting the defendant's release.  Based on follow-up communication between the United States Attorney's Office and the Marshals Service last evening, the government understands that the Marshals Service believes that release should be considered only if the situation cannot be mitigated and the Marshals Service is unable to secure alternate housing for the defendant appropriate to treat his medical conditions.

Letter to Hon. Glenn T. Suddaby
United States v. Taubert
5:19-cr-0021-GTS
March 27, 2019
Page 2

The defendant does not cite any case law for the proposition that he can create his own medical hardship warranting pre-sentencing release by refusing to accept prescribed medication or otherwise through acts of threatened or actual direct or indirect self-harm, and the government has found none in its own research. To the contrary, case law and common sense suggest the opposite, lest defendants be encouraged to threaten self-harm or engage in similar acts of refusal to accept appropriate medical care as a means to secure release. *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, among other asserted bases, not exceptional circumstances); *United States v. Varney*, 12-09-ART-HAI-(1), 2013 WL 2406256, at *1 (E.D. Ky. May 31, 2013) ("A chronic medical condition controlled by medication is generally not an exceptional reason justifying release," because "[a] chronic condition will be present whenever the defendant is incarcerated, so it does not provide a unique reason why pre-sentencing detention would be inappropriate."); *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (per curiam) ("It is a rare case in which health conditions present an 'exceptional reason.'") (citing *United States v. Brown*, 368 F.3d 992, 993 (8 Cir. 2004) (per curiam); *United States v. Mellies*, 496 F. Supp. 2d 930, 936-37 (M.D. Tenn. 2007); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999)).

Accordingly, the defendant has not met his burden of showing exceptional reasons why his continued detention is not appropriate, and his motion for release pending sentencing should be denied.

          Respectfully,

          GRANT C. JAQUITH
          United States Attorney

By:

          Michael D. Gadarian
          Assistant United States Attorney
          Bar Roll No. 517198

cc.   Counsel of record (*via CM/ECF*)